IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES EDWARD MEIER | § | |
| VS. | § | CIVIL ACTION NO. 1:03cv1483 |
| RUSSELL MCDONALD | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff James Edward Meier, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Russell McDonald. Plaintiff asserts a claim of deliberate indifference to serious medical needs. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont Texas, for consideration pursuant to applicable orders of this court.

The defendant has filed a motion for summary judgment. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the motion be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

After carefully considering the objections filed by the plaintiff, the court is of the opinion the objections are without merit. The Magistrate Judge recommended the motion for summary judgment be granted because he concluded plaintiff's claim was barred by the applicable statute of limitations. The Magistrate Judge concluded plaintiff's claim regarding an incorrect diagnosis by the defendant accrued in 1997, when he learned or should have learned his condition had been misdiagnosed and thereby suffered an injury. *See Burrell v. Newsome*, 883 F.2d 416, 418 (5th

Cir. 1989). In his objections, plaintiff asserts that, in essence, that his claim has not yet accrued. He asserts he still does not know what injury he suffered as a result of the misdiagnosis, apparently because he has not yet received a correct diagnosis. However, based on the authorities cited by the Magistrate Judge, plaintiff's claim accrued in 1997, when he was told that the diagnosis of the defendant was incorrect. At that point, plaintiff had suffered an injury as a result of the defendant's actions, even if he was not yet sure precisely what the injury was. The case of *Moore v. Sherman Police Dept.*, 1995 WL 581433 (5th Cir. Aug. 22, 1995), which was cited by the Magistrate Judge, establishes that in a case based on failure to make a proper diagnosis, the plaintiff sustains his injury at the point he is told his initial diagnosis was incorrect.[1] As plaintiff's claim accrued when he suffered an injury, his claim is barred by the applicable statute of limitations.

Plaintiff also takes issue with two statements contained in the Report and Recommendation regarding his factual allegations. In the first full paragraph on page 2 of the Report and Recommendation, the Magistrate Judge states: "He [the plaintiff] states that on September 18, 1996, the defendant told him that under the guidelines established by the prison system, carpal tunnel syndrome was classified as not being life threatening, making surgery to treat the condition elective. He states he was also told that when his condition became serious enough, he would receive treatment." Plaintiff states he never made such a statement. However, the quoted sentences are an accurate paraphrase of a statement made by plaintiff in a response (doc. no. 58) he made to a court order directing him to provide additional information regarding his claim.

In addition, in the third full paragraph of page 2 of the Report and Recommendation, the Magistrate Judge states: "Plaintiff states he was subsequently told that if he had immediately received treatment for carpal tunnel syndrome, tests could have been performed which would have correctly diagnosed the condition from which he suffers." Plaintiff again states he never

---

[1] *Moore* was an unpublished decision. However, as it was issued before January 1, 1996, Fifth Circuit Rule 47.5.3 provides that it constitutes precedent.

made such a statement.  However, on page 4 of his original complaint, plaintiff states he believes that if his concerns had been properly addressed, tests could have been performed which could have provided the correct diagnosis and prevented the damage from expanding to the point where it could not be reversed.   While there may be a slight difference between what the Magistrate Judge wrote and what plaintiff stated, this difference has no bearing on the resolution of this lawsuit.

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**.  The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**.  The defendant's motion for summary judgment is **GRANTED**.  A final judgment shall be entered dismissing this lawsuit.

So **ORDERED** and **SIGNED** this 9  day of **July, 2012.**

_____
Ron Clark, United States District Judge